UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL R. FANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 14-1867 (RJL) |
| | ) | |
| WELLMAN DYNAMICS | ) | |
| CORPORATION, | ) | |
| | ) | **FILED** |
| Defendant. | ) | |
| | | JUL - 6 2015 |

**MEMORANDUM OPINION**
July __6__, 2015 [#8, #9, #10, #12]

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

Plaintiff Michael R. Fanning, as the Chief Executive Officer and designated

fiduciary of the Central Pension Fund of the International Union of Operating Engineers

and Participating Employers ("Central Pension Fund"), initiated this suit against

defendant Wellman Dynamics Corporation, seeking, *inter alia*, to collect employer

contributions owed to the Central Pension Fund by defendant. *See generally* Compl.

[Dkt. #1]. This matter is now before the Court on plaintiff's Motion for Entry of Default

Judgment against defendant [Dkt. #8] ("Default Mot.") and a Second Supplement [Dkt.

#10] ("Second Supp.") and Third Supplement [Dkt. #12] ("Third Supp.") thereto.[1] Upon

due consideration of the materials before the Court and the entire record herein,

plaintiff's Motion for Default Judgment is GRANTED.

---

[1] The Court will treat these three submissions collectively as plaintiff's "Motion for Default
Judgment." Plaintiff also filed a First Supplement to its Default Motion [Dkt. #9]; however, the
First Supplement was expressly superseded by the Second Supplement. Second Supp. 2 n.1.

1

## BACKGROUND

The Central Pension Fund is an "employee benefit plan" and "multiemployer plan" as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(1), (37). Compl. ¶ 1. It "was established and is maintained in accordance with its Restated Agreement and Declaration of Trust" ("Declaration of Trust"). *Id.* Pursuant to a Collective Bargaining Agreement and Participating Agreement with the International Union of Operating Engineers Local Union No. 234 ("Agreement") defendant "agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by employees of the Defendant performing work covered by the Agreement." *Id.* ¶¶ 6-7.

On November 6, 2014 plaintiff filed the complaint in this suit, alleging that defendant failed to pay all contributions owing to the Central Pension Fund and seeking to recover those unpaid contributions, liquidated damages, interest, and attorney's fees and legal costs. *See* Compl. ¶¶ 15-18.[2] Defendant was duly served, *see* Aff. of Service [Dkt. #4], but failed to file a responsive pleading. On December 3, 2014, plaintiff requested the Clerk to enter a default against defendant pursuant to Federal Rule of Civil Procedure 55(a), Aff. For Default [Dkt. #5], which the Clerk did on December 4, 2014.[3] Clerk's Entry of Default [Dkt. #6]. Plaintiff now moves this Court to enter default

---

[2] Plaintiff's complaint also includes a second Count seeking to compel defendant to provide an audit of its records from January 2014 through the date of the Complaint. Compl. ¶¶ 19-21. However, plaintiff voluntarily dismissed this Count, without prejudice, after defendant, of its own accord, reported the information sought. Second Supp. 6.

[3] Rule 55 sets forth a two-step process for the entry of a default judgment. First, plaintiff must request the clerk of the court to enter default. Fed. R. Civ. P. 55(a). Second, unless the claim is for a "sum certain," the plaintiff must apply to the court for an entry of default judgment. Fed. R. Civ. P. 55(b).

judgment against defendant pursuant to Federal Rule of Civil Procedure 55(b)(2).  *See generally* Default Mot.

## ANALYSIS

While modern courts do not favor default judgments, a default judgment is appropriate when the adversarial process has been effectively halted by a party's failure to respond. *Jackson v. Beech,* 636 F.2d 831, 835-36 (D.C. Cir.1980).  When ruling on a motion for default judgment, a defendant's liability for every well-pleaded allegation in the complaint is established by the default. *See Adkins v. Teseo,* 180 F.Supp.2d 15, 17 (D.D.C. 2001).  Default does not, however, establish the amount of damages owed, and a court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain. *Id.*  Such determination may be based on detailed affidavits or documentary evidence. *Flynn v. Mastro Masonry Contractors,* 237 F.Supp.2d 66, 69 (D.D.C. 2002).

The complaint in this case sufficiently alleges facts to support an award of unpaid contributions, liquidated damages, interest, and attorney's fees under 29 U.S.C. §§ 1132(g) and 1145.  As such, default establishes defendant's liability, and plaintiff is entitled to default judgment.  The task before this Court then is to determine the amount of damages owed.  Plaintiff seeks damages in the amount of $99,813.74.  Third Supp. ¶ 4.  This figure is the aggregate of unpaid contributions for the months June 2014 through February 2015, liquidated damages, interest, and attorney's fees and legal costs that plaintiff is entitled to collect under 29 U.S.C. § 1132(g)(2).  *See generally* Default Mot.; Second Supp.; Third Supp.  In support of this figure, plaintiff has submitted two

declarations on behalf of the trustees of the Central Pension Fund setting forth with

specificity the calculations used to reach the amount owed for unpaid contributions,

liquidated damages, and interest. *See* Default Mot. App. 1-20 [Dkt. #8-3] ("Fanning

Decl."); Second Supp. App. 46-71 [Dkt. #10-3] ("Fanning Supp. Decl."). Moreover, the

data used in these calculations are found in attachments to these declarations, which

include excerpts from the Central Pension Fund's Declaration of Trust, Fanning Decl. Ex.

A; the Agreement between defendant and the Union, Fanning Decl. Ex. B; and

Contribution Reports submitted by defendant. Fanning Decl. Ex. C; Fanning Supp. Decl.

Ex. G. Plaintiff has also submitted a declaration by Richard Hopp, counsel of record for

plaintiff, setting forth with specificity the basis for the claimed attorney's fees and legal

costs. *See generally* Default Mot. App. 21-30 ("Hopp Decl.").

Based upon these declarations, and the entire record herein, the Court agrees

with the damage calculations submitted by plaintiff. Accordingly, the Court concludes

that the following damages, totaling $99,813.74, should be paid to plaintiff:

- $49,816.59 for unpaid contributions due to the Central Pension Fund for the period June 2014 through February 2015, pursuant to 29 U.S.C. § 1132(g)(2)(A);

- $43,725.44 for liquidated damages, which is 15 percent of the total amount of unpaid or late-paid contributions to the Central Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii) and the Declaration of Trust, Fanning Decl. Ex. B § 4.5(b);

- $3,538.71 for interest assessed at a rate of 9 percent per annum on the unpaid or late-paid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B) and the Declaration of Trust, Fanning Decl. Ex. B § 4.5(c); and

- $2,733.00 for attorney's fees and legal costs, pursuant to 29 U.S.C. § 1132(g)(2)(D).

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Default Judgment is GRANTED.

An Order consistent with this Memorandum Opinion is separately issued herewith.

RICHARD J. LEON
United States District Judge